Filed 12/20/23  P. v. Tugas CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LARIO GARCIA TUGAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B320929<br>(Super. Ct. No. 20F-01446)<br>(San Luis Obispo County) |

Lario Garcia Tugas appeals from the judgment after a jury convicted him of evading a police officer (Veh. Code, § 2800.2, subd. (a), count 1),[1] unlawful driving or taking of a vehicle (§ 10851, subd. (a), count 3), and driving on a suspended or revoked license (§ 14601.1, subd. (a), count 4).  The jury also found true the allegation that appellant committed count 3 while out on bail for count 1 (Pen. Code, § 12022.1).  The trial court sentenced appellant to four years eight months in state prison.  Appellant

---

    [1] All further statutory references are to the Vehicle Code unless otherwise indicated.

contends this case should be remanded for resentencing because the trial court attached the on-bail enhancement to the wrong count. The People agree. We affirm the conviction and remand the matter to the trial court for resentencing.

*Factual and Procedural Background*

In February 2020, at approximately 2:30 a.m., a police officer stopped appellant for speeding and crossing into another lane and back without signaling. The officer ran a records check and learned appellant's license was suspended. When the officer asked appellant for his keys, he refused. When the officer instructed appellant to exit the vehicle, he started the engine and sped away. A high-speed pursuit ensued but ended after the officer lost sight of appellant's vehicle. Appellant was subsequently charged with recklessly evading a police officer (§ 2800.2, subd. (a), count 1) and driving on a suspended or revoked license (§ 14601.1, subd. (a), count 4).

In July 2021, while appellant was released from custody on bail for count 1, he was stopped by a police officer for driving a motorcycle without a helmet. Appellant told the officer he was not the registered owner of the motorcycle and did not have an I.D. When the officer ran a records check on the motorcycle plate, dispatch reported the plate belonged to a different motorcycle with expired registration. During the officer's investigation, appellant repeatedly tried to start the motorcycle's engine. The officer told him to turn it off. The officer also observed the ignition appeared to be "hotwired." Appellant ignored the officer's commands, revved the throttle, and tried to accelerate. The officer grabbed appellant by the jacket and pulled him to the ground. Appellant broke free and fled on foot. It was later discovered the motorcycle had been reported stolen.

2

Appellant was charged with resisting an executive officer (Pen. Code, § 69, count 2) and unlawful driving or taking of a vehicle (§ 10851, subd. (a), count 3). It was further alleged that appellant committed count 3 while released from custody on bail for count 1. (Pen. Code, § 12022.1.) In May 2022, the trial court consolidated appellant's charges from the two traffic stops into a single case.

A jury convicted appellant of counts 1, 3, and 4, and found true the allegation that he committed count 3 while released from custody on bail for count 1. The trial court sentenced appellant to four years eight months in state prison. As to count 1, the trial court imposed the midterm of two years and imposed a consecutive two-year term "[f]or the jury's true finding . . . that in the commission of the offense [appellant was] released from custody on bail." As to count 3, the trial court imposed one third the midterm, eight months. As to count 4, the trial court imposed and stayed 180 days in county jail.

*Discussion*

Appellant contends his sentence was unauthorized because the trial court imposed the on-bail enhancement to the wrong count, that is to count 1 rather than count 3. He contends the enhancement should be stricken and the case remanded for resentencing.

The People agree and contend that while it is possible the length of appellant's sentence would likely have been the same had the trial court used the proper count for the enhancement, "it is not certain that the court would have selected the mid-term for [c]ount 3 or would consider any other circumstances in its discretion."

3

Based on our review and consideration of the parties' briefing, we agree that remand is appropriate. The transcript from the sentencing hearing does not indicate what sentence the trial court would have imposed had it understood that the on-bail enhancement applied to count 3 and not to count 1. For this reason, we are remanding the matter so the trial court can exercise its discretion in that regard. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].)

*Disposition*

The matter is remanded to the trial court with directions to strike the on-bail enhancement (Pen. Code, § 12022.1) imposed as to count 1 and to conduct a new sentencing hearing. Upon resentencing, the clerk of the superior court is ordered to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:


    GILBERT, P. J.


    CODY, J.

4

Jacquelyn H. Duffy, Judge
Superior Court County of San Luis Obispo

_____

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan, Supervising Deputy Attorney General, and Nancy Lii Ladner, Deputy Attorney General, for Plaintiff and Respondent.